﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190928-34724
DATE: April 30, 2020

REMANDED

Service connection for carcinoid cancer of the small intestines is remanded.

Service connection for erectile dysfunction is remanded.

Service connection for hypertension is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board of Veterans’ Appeals (Board) is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP).

The Veteran, who served on active duty in the United States Navy from August 1966 to July 1970, to include service in the Republic of Vietnam, selected the Higher-Level Review lane when he submitted a RAMP election form on October 1, 2018. Accordingly, a September 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

1. Service connection for carcinoid cancer of the small intestines is remanded.

2. Service connection for erectile dysfunction is remanded.

3. Service connection for hypertension is remanded.

The Veteran asserts that he has carcinoid cancer of the small intestines, erectile dysfunction, and hypertension due to in-service herbicide agent exposure that occurred while he served in the Republic of Vietnam from June 1969 to June 1970. The AOJ found that the Veteran has current diagnoses of carcinoma of the small intestine with resection, erectile dysfunction, and hypertension. The question in this case is whether a causal relationship or nexus exists between the Veteran’s carcinoma of the small intestine with resection, erectile dysfunction, and hypertension and conceded herbicide agent exposure. To date, the Veteran has not been afforded a VA examination and medical opinion to assist him; the Board finds this pre-decisional duty to assist error must be remedied on remand. 38 C.F.R. § 20.802(a); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

Furthermore, although hypertension is not listed as a disease associated with herbicide exposure under 38 C.F.R. § 3.309(e), the National Academy of Sciences Institute of Medicine (NAS) has recently concluded that there is “sufficient evidence of an association” between herbicide exposure and hypertension. See NAS, Veterans & Agent Orange: Update 11 (2018). Thus, the VA medical opinion must address the NAS findings. 

Finally, during his May 2016 hearing, the Veteran indicated that he was submitting a letter from his private physician (“Dr. Cheng”) into the record. However, this letter was not associated with the record. On remand, the AOJ should first attempt to obtain this letter. 

 

The matters are REMANDED for the following action:

1. With any necessary assistance from the Veteran, obtain Dr. Y. Cheng’s letter that was submitted during the Board’s May 2016 hearing. If the record is unavailable, notify the Veteran pursuant to 38 C.F.R. § 3.159(e).

2. If Dr. Cheng’s letter is not secured, or if it is inadequate to establish service connection, schedule the Veteran for a VA examination to determine the nature and etiology of his carcinoma of the small intestine with resection, erectile dysfunction, and hypertension. All findings should be reported in detail. After a review of the claims file, the examiner is requested to provide a specific opinion as to whether it is at least as likely as not (50 percent or greater probability) that:

(a) the Veteran’s carcinoma of the small intestine with resection, erectile dysfunction, and hypertension are related to an in-service injury, event, or disease, to include the Veteran’s presumed exposure to herbicide agents in Vietnam and the May 1969 report of yellow urethral discharge. 

Please address the article entitled “Intestinal Cancer Risk Factors,” which indicates a link between herbicides and cancer of the small intestine. See Medical Treatment Record received November 18, 2012, Page 18.

The opinion should include consideration of the Veteran’s presumed exposure to certain herbicide agents, such as Agent Orange, as the NAS has concluded that there is “sufficient evidence of an association” between herbicide exposure and hypertension.

The examiner is instructed not to rely solely on the regulatory determination that small intestine cancer, erectile dysfunction, and hypertension are not diseases presumptively assumed to be related to herbicide agent exposure or the opinion will be considered inadequate.

(b) the Veteran’s hypertension and tumor manifested within one year after discharge from service.

(c) the Veteran’s hypertension is (1) proximately due or (2) aggravated (worsened) by his service-connected posttraumatic stress disorder (PTSD). See Medical Treatment Record received November 18, 2012, Veterans Health Council article Page 20. 

In addressing secondary service connection, please note that PTSD need not be diagnosed or service-connected at the time hypertension is incurred to establish secondary service connection, and reliance on this fact will render any secondary opinion inadequate.

(d) If and only if hypertension or small intestine cancer is found to be related to service and erectile dysfunction is not, the examiner should also opine as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s erectile dysfunction is (1) caused by or (2) aggravated by a service-connected disability.

A complete rationale or explanation for all opinions reached must be provided. If unable to opine without resorting to speculation, please provide a basis for reaching this conclusion. 

 

S. BUSH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Forde, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.